Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

JOSE LUIS GARCIA REYES and ROMAN
GERONIMO, *individually and on behalf of others
similarly situated,*

                            *Plaintiffs,*

                    -against-

NV WOODWORK CORP., (d/b/a NV
WOODWORK), and NICOLAS VEGAS,

                     *Defendants.*
--------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Jose Luis Garcia Reyes, and Roman Geronimo individually and on behalf of

others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace & Associates, P.C., upon information and belief, and as against NV Woodwork Corp.

(d/b/a/ NV Woodwork), ("Defendant Corporation") and Nicolas Vegas ("Individual

Defendant"), (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

     1.    Plaintiffs are former employees of Defendants NV Woodwork Corp., (d/b/a/ NV

Woodwork) and Nicolas Vegas.

     2.    NV Woodwork is a custom-made, handcrafted woodworking company that

specializes in design and fabrication of wood furniture and cabinets for commercial and

residential projects, located at 248 55th Street Apt. D3 Brooklyn, NY 11220.

3.      Upon information and belief, Defendant Nicolas Vegas serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the custom-made, handcrafted woodworking company.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs worked at Defendants' custom-made, handcrafted woodworking shop located at 248 55th Street Apt. D3 Brooklyn, NY 11220, where their sole duties consisted of doing carpentry work.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime, compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs' wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs and to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, Defendants operate a woodworking company in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Jose Luis Garcia Reyes ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Queens County, New York.

3

16.     Plaintiff Garcia was employed by Defendants from approximately April 25, 2023 until on or about November 24, 2023.

17.     Plaintiff Roman Geronimo ("Plaintiff Geronimo" or "Mr. Geronimo") is an adult individual residing in Queens County.

18.     Plaintiff Geronimo was employed by Defendants from approximately April 7, 2023 until on or about July 13, 2023.

19.     Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20.     Defendants own, operate, and/or control a custom-made, handcrafted woodworking company located at 248 55th Street Apt. D3 Brooklyn, NY 11220 under the name "NV Woodwork" at all times relevant to this complaint.

21.     Upon information and belief, NV Woodwork Corp. (Defendant Corporation) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 248 55th Street Apt. D3 Brooklyn, NY 11220.

22.     Defendant Nicolas Vegas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Nicolas Vegas is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

4

Defendant Nicolas Vegas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.  Defendant Nicolas Vegas determined the wages and compensation of the employees of Defendant corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.    Defendants own, operate, and/or control a custom-made, handcrafted woodworking company located in the Sunset section of Brooklyn in New York city.

24.     Individual Defendant Nicolas Vegas possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

27.    Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

5

28.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29.     Upon information and belief, individual Defendant Nicolas Vegas operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)     operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of his own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

6

31.     In 2023, Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce.  For example, numerous items that were used in the production of crafted wood products on a daily basis were produced outside of the State of New York.

*Individual Plaintiffs*

33.     Plaintiffs are former employees of Defendants, primarily employed in performing the duties of carpenters.

34.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Luis Garcia Reyes*

35.     Plaintiff Garcia was employed by Defendants from approximately April 25, 2023 until November 24, 2023.

36.     At all relevant times, Plaintiff Garcia was employed by Defendants as a carpenter.

37.     Plaintiff Garcia regularly handled goods in interstate commerce necessary to perform his work, including saws, hammers, wood and specialized tools produced outside of the State of New York.

38.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

40.     From approximately April 25, 2023 until on or about November 24, 2023 Plaintiff Garcia worked an average of approximately 55 hours per week, 6 or 7 days a week.

41.     Throughout his entire period of employment, Defendants paid Plaintiff Garcia his wages in a combination of check and cash.

42.     From approximately April 25, 2023 until on or about November 24, 2023, Defendants paid Plaintiff Garcia $25.00 per hour.

43.     Defendants only granted Plaintiff Garcia five breaks during his entire employment; however, these breaks only lasted 10 minutes and were always interrupted.

44.     For approximately twenty-one days in 2023, Defendants did not pay Plaintiff Garcia any wages.

45.     Plaintiff Garcia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL

47.     Defendants did not provide Plaintiff Garcia with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

48.     Defendants never provided Plaintiff Garcia with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

8

49.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

50.     As a result of Defendants' failure to provide Plaintiff Garcia with a Notice of Pay Rate or accurate Wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Plaintiff Roman Geronimo*

51.     Plaintiff Geronimo was employed by Defendants from approximately April 7, 2023 until July 13, 2023.

52.     At all relevant times, Plaintiff Geronimo was employed by Defendants as a carpenter.

53.     Plaintiff Geronimo regularly handled goods in interstate commerce necessary to perform his work, including saws, hammers, wood and specialized tools produced outside of the State of New York.

54.     Plaintiff Geronimo's work duties required neither discretion nor independent judgment.

55.     Throughout his employment with Defendants, Plaintiff Geronimo regularly worked in excess of 40 hours per week.

56.     From approximately April 7, 2023 until on or about July 13, 2023 Plaintiff Geronimo worked from approximately 8:00 a.m. until on or about 6:00 p.m. Mondays through Saturdays (typically, 60 hours per week).

57.    Throughout his entire period of employment, Defendants paid Plaintiff Geronimo his wages in a combination of check and cash.

58.    From approximately April 25, 2023 until on or about November 24, 2023, Defendants paid Plaintiff Geronimo $20.00 per hour.

59.    Defendants rarely granted Plaintiff Geronimo breaks, but when granted the breaks were always interrupted.

60.    For approximately seven days in 2023, Defendants did not pay Plaintiff Geronimo any wages.

61.    Plaintiff Geronimo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

62.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Geronimo regarding overtime and wages under the FLSA and NYLL.

63.    Defendants did not provide Plaintiff Geronimo with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

64.    Defendants never provided Plaintiff Geronimo with a written notice, in English and in Spanish (Plaintiff Geronimo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Geronimo regarding overtime and wages under the FLSA and NYLL.

66.    As a result of Defendants' failure to provide Plaintiff Geronimo with a Notice of Pay Rate or accurate Wage statements with each payment of wages, he was prevented from: (i)

comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendant General Employment Practices*

67.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

68.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, inter alia, not paying them the wages they were owed for the hours they worked.

69.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

70.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

71.     Defendants paid Plaintiffs their wages in a combination of check and cash.

72.     By employing these practices, Defendants avoided paying Plaintiffs at the minimum wage and at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

73.     Defendants failed to post required wage and hour posters in the full service custom-made, handcrafted woodworking shop, and did not provide Plaintiffs with statutorily

required wage and hour records or statements of pay received, in part so as to hide Defendants'
violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of
sophistication in wage and hour laws.

74.    Upon information and belief, these practices by Defendants were done willfully to
disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to
avoid paying Plaintiffs properly for (1) their full hours worked and (2) for overtime due.

75.    Defendants failed to provide plaintiffs and other employees with wage statements
at the time of payment of wages, containing: the  dates  of work covered by that payment of
wages; name of employee; name of employer; address and phone  number  of employer;  rate  or
rates of pay and basis thereof, whether paid by the hour, shift, day, week,  salary,  piece,
commission,  or other;  gross wages;  deductions;  allowances,  if any, claimed as part of the
minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of
pay; the number of regular hours worked, and the  number  of overtime  hours  worked, as
required by NYLL §195(3).

76.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring
and on or before February 1 of each subsequent year,  a statement in English and the employees'
primary language of Spanish, containing:  the rate or rates of pay and basis thereof,  whether
paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any,
claimed as part of the minimum wage, including tip, meal, or lodging allowances; the  regular
pay  day designated  by  the  employer;  the  name  of  the  employer;  any  "doing business  as"
names  used  by the employer; the physical address of the employer's main office or principal

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

77.    As a result of Defendants' failure to provide Plaintiffs and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them

## FLSA COLLECTIVE ACTION CLAIMS

78.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of NV Woodwork (the "FLSA Class").

79.    At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage and overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

80.    The claims of Plaintiffs stated herein are similar to those of the other employees.

13

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

84.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

14

91.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

96.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

97.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

99.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.  Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.  Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.  Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

103.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.  Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

105.  As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

106.  Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## (VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW)

107.  Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

108.  Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

109.  As a result of Defendants' failure to furnish accurate statements to Plaintiffs, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

110.  Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

111.  Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

112.  Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

113.  Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of the damages for the amount of unpaid minimum wages, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Class members;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum wage, overtime compensation as well as damages for any improper deductions or credits taken against wages;

(n)      Awarding Plaintiffs damages for Defendant's violation of the NYLL timeliness, notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)      Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        August 22, 2025

MICHAEL FAILLACE & ASSOCIATES, P.C.


          /s/ Michael Faillace
_____
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

20

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

June 6, 2025

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Luis Garcia Reyes

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     June 6, 2025

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                        Telephone: (212) 317-1200
New York, New York 10165                                         Facsimile: (212) 317-1620

_____

July 10, 2025

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    <u>Roman Geronimo</u>

Legal Representative / Abogado:   <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:                _____

Date / Fecha:                     <u>July 10, 2025</u>_____

*Certified as a minority-owned business in the State of New York*